Case 1:19-cr-00399-MSK-GPG   Document 31   Filed 04/01/20   USDC Colorado   Page 1 of 7


# INTHE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No.  1:19-cr-00399-MSK-GPG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**1.  JAMES ROGER GALLEGOS**

    **Defendant.**

_____

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## "EMERGENCY UNOPPOSED MOTION FOR RELEASE" (ECF #28)
_____

The United States of America (the government), by and through Pete Hautzinger, Assistant United States Attorney for the District of Colorado, and respectfully responds to the motion defendant filed on March 27, 2020 (ECF #28).

1)  The defendant was arrested on February 26, 2020 on charges of violation of 18 U.S.C. 641, Theft of Government Property.  The alleged theft took place in Mesa County, Colorado and the case thus falls under the Grand Junction Protocol.

2)  A detention hearing was held on March 6 2020 before Magistrate Judge Mix in Denver, Colorado rather than in Grand Junction, as the defendant fell into federal custody on the Front Range.  Undersigned was not involved in that hearing.  At the conclusion of the hearing Magistrate Judge Mix ordered the defendant detained (ECF #15).

3) A scheduling conference was held on March 11, 2020 before Magistrate Judge Gallagher in Grand Junction. The case was provisionally set for a jury trial to begin on April 13, 2020, although there was an explicit discussion on the record that neither defense counsel nor undersigned felt that was a realistic trial date and would certainly have to be continued. It was felt that the case was almost certainly on a course for a negotiated plea, but defense counsel was encountering some difficulty in actually contacting and communicating with the defendant due to the defendant's incarceration location.

4) On March 13, 2020 undersigned completed a draft plea agreement and sent it to defense counsel.

5) On March 20, 2020 undersigned and defense counsel received an email from the Court's chambers stating: "Counsel: Mr. Gallegos' case is set for a jury trial beginning on April 13, 2020 in Grand Junction (Docket # 19). Please advise as to the status of the case and whether the parties intend to proceed to trial as scheduled".

6) Undersigned immediately sent a response to all stating: "I do not believe we will be going to trial 4/13. I sent defense counsel a plea agreement last week. His client is in Colorado DOC, so there may well be difficulty in meeting with him in the current situation. If he needs to move for an EOJ continuance I would certainly have no objection".

7) Moments later undersigned and defense counsel began a series of telephonic conversations. It was determined that the case was still almost certainly on course for a negotiated plea, but that the trial date of April 13, 2020 would have to be

continued.  Defense counsel again referred to difficulties communicating with his client and inquired as to whether undersigned might be willing to agree not to oppose a motion for release.

8)	Undersigned decided that based on the facts of the case (property allegedly stolen had been recovered undamaged) and the fact the case seemed on track for a guilty plea he would not object to a motion for release.  That decision was based entirely on the facts of this specific case and the defendant's nonviolent criminal history.  It was not related to the COVID-19 pandemic.

9)	Defense counsel then filed both a motion to continue the jury trial (ECF # 21) and a motion for release (ECF #20).  This Court very quickly ruled on the motion to continue, granting it, excluding 60 days from speedy trial and rescheduling the jury trial for June 1, 2020.

10)	Later in the day on March 20, 2020 Magistrate Judge Mix ruled on the motion for release, stating: "However, the only two changes mentioned in the Motion are defendant's imminent release from his state court sentence and the nationwide COVID-19 outbreak and unique concerns that this outbreak poses to individuals held in pretrial detention. While the Court is sympathetic to those concerns, the Motion fails to identify any changed circumstances that would undermine the Court's earlier conclusion that there are no conditions or combination of conditions that the Court could impose that would assure the defendant's presence or the safety of the community.[See #15] Accordingly, the Motion is DENIED" (ECF # 24).

11) On March 27, 2020 defense counsel emailed undersigned saying he wanted to file another motion for release. Undersigned felt ethically bound to honor his commitment from seven days earlier not to oppose release.

12) Defense counsel then filed ECF # 28, "EMERGENCY UNOPPOSED MOTION FOR RELEASE FROM DETENTION". The motion does argue that Magistrate Judge Mix may have misunderstood the nature of the defendant's latest driving under restraint conviction in 2019. The motion places much greater reliance, however, on claims that there is an outbreak of COVID-19 at the Washington County jail where the defendant is being held, that the defendant has allegedly contracted COVID-19 and that the defendant has been denied adequate medical care at the Washington County jail.

13) Undersigned has since been in communication with the United States Marshals Service (USMS), and has been told the following:

> "First, there is no COVID-19 outbreak at Washington County Jail. On March 19th, two transport officers and two inmates were symptomatic but the diagnosis was strep throat, and not COVID-19. While they were waiting for a medical diagnosis the jail went on lockdown and those two inmates were quarantined. The officers were not allowed back in the jail and will not be back to work until this Friday I believe.
>
> No jails are testing for COVID-19 unless there are symptoms. Nobody can or will randomly test all inmates and staff any more than people in society can just go get a test.
>
> Specifically to him being denied medical care, the prisoner submitted a request to be seen and was seen by medical on March 29th and 30th. His temp was normal, there were no serious medical issues and no symptoms. He had some nasal congestion."

14) The best information from the USMS thus appears to be that there is no COVID-19 outbreak at the Washington County jail, that the defendant is not symptomatic for COVID-19 and that the defendant has in fact been medically evaluated and treated.

15  The United States has maintained in the past and continues to maintain that the COVID-19 pandemic does not constitute a change in circumstances justifying release under the Bail Reform Act.

16. The Court further ordered that "to the extent that the Government does not oppose Mr. Gallegos' release pending trial, the Government's response identify those conditions of release that the Government contends are appropriate under 18 USC 3142(c)".  Should the Court determine release to be appropriate, the Government contends the following additional conditions (after having consulted with the Probation Department):

Reside with your father at his residence in Rocky Ford, CO.

Do not drive a motor vehicle unless licensed to do so and the vehicle is equipped with an ignition interlock device.

Actively seek employment only if such employment is in a "critical business" during the stay at home orders issued by the Governor of the State of Colorado.

Comply with any stay at home orders issued by Governor Polis.

Comply with any active protection order issued against you.

Do not consume alcohol.

Except as authorized by court order, the defendant shall not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Except as authorized by court

order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility.

Submit to testing for prohibited substances ad directed by the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

Participate in a program of outpatient substance abuse therapy and counseling if directed by the supervising officer.

Report as soon as possible any contact with law enforcement personnel, including arrest, questioning or traffic stops.

You will be placed on Home Detention and restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the supervising officer.  Home detention will be monitored via location monitoring technology as selected by the probation officer given the needs of the defendant and in consideration of services available.

Respectfully submitted this 1st day of April, 2020.

            JASON R. DUNN
            United States Attorney

        By: *s/ Pete Hautzinger*
            PETE HAUTZINGER
            Assistant U.S. Attorney
            205 N. 4th Street, Suite 400
            Grand Junction, Colorado  81501
            Telephone:  (970) 241-3843
            Fax:   (970) 248-3630
            Email: Peter.Hautzinger@usdoj.gov
            Attorney for the United States

## **CERTIFICATE OF SERVICE**

        I hereby certify that on this 1st day of April, 2020, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S "EMERGENCY UNOPPOSED MOTION FOR RELEASE" (ECF #28)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

        s/ Cosandra Foster
        COSANDRA FOSTER
        Paralegal Specialist
        U.S. Attorney's Office
        205 N. 4th Street, Suite 400
        Grand Junction, CO 81501
        Telephone (970) 241-3843
        Fax (970) 248-3630
        E-mail: cosandra.foster@usdoj.gov