IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-CR-0399

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES ROGER GALLEGOS,

        Defendant.

---

**EMERGENCY MOTION TO MODIFY CONDITION OF RELEASE TO UNSECURED BOND**

---

James Roger Gallegos, through his counsel David G. Maxted of the law firm MAXTED LAW LLC, respectfully submits this emergency motion to modify the release order to an unsecured bond under 18 U.S.C. 3142(c)(2), and under the due process and equal protection clauses of the Constitution. Mr. Gallegos is indigent and unable to afford the $5,000 cash or surety financial condition which the Court imposed in its release order. Doc. 32. Therefore, he respectfully requests that this Court amend the order to an unsecured bond.

Counsel states in support:

1.    Mr. Gallegos has filed two unopposed motions for release from detention, *see* Doc. 20 and Doc. 28. Mr. Gallegos is charged with a non-violent offense, a single count of theft of government property.

2.    The government did not oppose Mr. Gallegos' release, and did not request a financial condition such as a cash or surety bond.

1

3. After Mr. Gallegos' second unopposed motion for release, the Court ordered the government to respond and identify appropriate conditions of release under 18 U.S.C. § 3142(c). Doc. 30.

4. In its response, the government requested numerous conditions of release, but specifically did not request any financial condition such as a cash or surety bond. Doc. 31.

5. In its Order releasing Mr. Gallegos, *see* Doc. 32, the Court set a number of specific and restrictive conditions, including ordering Mr. Gallegos reside with his father in Rocky Ford, ordering home confinement, that he not consume drugs or alcohol, monitoring by a Probation Officer, and a host of other conditions, pursuant to 18 U.S.C. § 3142(c). These conditions will reasonably assure Mr. Gallegos' appearance in court and the safety of the community.

6. However, in its release Order the Court also stated that Mr. Gallegos must post a $5,000 cash or surety bond prior to being released pursuant to 18 U.S.C. § 3142(b). Doc. 32.

7. Mr. Gallegos is indigent, has zero financial assets, and therefore is unable to pay any financial condition imposed by the Court on his release. Doc. 10 (CJA Financial Affidavit). Mr. Gallegos qualified for CJA court-appointed counsel for those reasons. *Id.* Mr. Gallegos is unable to pay any amount—he is unable to pay $5,000 cash and unable to pay any amount required by a surety if one could be located.[1]

---

[1] Additionally, counsel represents to the Court that he inquired of numerous experienced counsel, the CJA Panel, as well as the Federal Public Defender, and was unable to identify any federally certified sureties in Denver, Colorado. Multiple experienced federal defense attorneys indicated they were unaware of any federal sureties, and had not had any financial surety in any release order in their experience. According to a government website for the Bureau of the Fiscal Service, no federally certified surety is listed as being located in Denver, Colorado. *See* https://www.fiscal.treasury.gov/surety-bonds/list-certified-companies.html. Counsel also inquired of federal sureties in neighboring western states, including Oklahoma, and was unable to fine a surety with a Denver representative. Based on counsel's information and investigation,

8. Furthermore, counsel has inquired of Mr. Gallegos' father, and he also has no ability to pay a financial condition on behalf of his son, because he is retired from work for a railroad and receives limited disability assistance monthly. Roger Gallegos has very limited, fixed monthly income used to pay monthly expenses and is unable to pay any amount to assist in his son's release. However, Mr. Gallegos reaffirmed his son can reside at his residence in Rocky Ford.

## ARGUMENT

Mr. Gallegos respectfully requests that the amend its release order to an unsecured $5,000 bond so that Mr. Gallegos is not held in de facto detention on account of his financial inability to pay. Under the applicable statute, 18 U.S.C. § 3142(c)(1), "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." *See also United States v. Miller*, No. 18-80241-CR, 2018 WL 6977619, at *2 (S.D. Fla. Dec. 13, 2018) (conditions may not include "a financial condition" resulting in detention); *United States v. Westbrook*, 780 F.2d 1185, 1187 n.3 (5th Cir. 1986) (noting that § 3142(c)(1) is intended to prevent de facto detention based on financial inability to pay).

Here, Mr. Gallegos is indigent and cannot afford to pay a $5,000 cash or surety bond, so imposing that condition will improperly "result[] in the pretrial detention" of Mr. Gallegos, contrary to § 3142(c)(1). The government did not oppose his release, and did not request a financial condition as necessary to reasonably assure community safety or his participation in this case. The Court found that the changed circumstances support his release from detention, and issued a number of very restrictive conditions which will reasonably ensure community

---

it appears exceedingly difficult to obtain a surety for a federal criminal case in this jurisdiction and impracticable under current circumstances.

safety and his participation in this case, including ordering he reside with his father in Rocky Ford, ordering home confinement, supervision and location monitoring by the Probation Office, and a host of other restrictions. Doc. 32. Given the conditions ordered by the Court, a financial condition is unnecessary here—and was not requested by the government—and would also be contrary to § 3142(c)(1) because it will result in Mr. Gallegos' de facto detention.

Moreover, Mr. Gallegos respectfully submits that causing him to be detained due to his financially inability to pay would implicate the due process and equal protection clauses of the Fifth Amendment to the Constitution. "In our society liberty is the norm, and detention prior to trial or without trial is a carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). When a financial condition results in de facto detention of the accused due to inability to pay, it violates due process. In similar contexts, Courts have found it unlawful to incarcerate an individual due to inability to pay money. *See, e.g., Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983) ("depriv[ing] the probationer of his conditional freedom simply because, through no fault of his own he cannot pay [a] fine . . . would be contrary to the fundamental fairness required by the Fourteenth Amendment."); *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."); *Douglas v. California*, 372 U.S. 353, 355 (1963) ("For there can be no equal justice where the kind of appeal a man enjoys depends on the amount of money he has.").

Similarly, under the equal protection clause, Courts have found unlawful practices which effectively incarcerate based on wealth or inability to pay a financial condition—including in the context of pretrial detention. *See, e.g., O'Donnell v. Harris Cty., et. al.,* 892 F.3d 147, 151 (5th Cir. 2018) (affirming district court's finding that wealth-based detention violated equal protection); *William v. Illinois*, 399 U.S. 235, 241-42 (1970) (striking down "invidious

discrimination" of incarcerating a person beyond the statutory maximum term when he could not pay the imposed fine); *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1978) (*en banc*) ("we accept the principle that imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible."); *Edwards v. Cofield*, No. 3:17cv321, 2017 U.S. Dist. LEXIS 80693, at *3 (M.D. Al. May 18, 2017) (observing unconstitutionality of pretrial detention where "indigent arrestees are jailed because of their inability to make bond" while wealthier detainees can purchase release); *Walker v. City of Calhoun, Georgia*, (N.D. Ga. Jan. 28, 2016) No. 4:15-CV-0170-HLM, 2016 U.S. DIST. LEXIS 12305, at *11 ("Certainly, keeping individuals in jail because they cannot pay for their release, whether via fines, fees, or a cash bond is impermissible."), *vacated on other grounds*, (11th Cir. Mar. 9, 2017) No. 16-10521, 2017 U.S. App. LEXIS 4183; *Martinez v. City of Dodge City*, No. 15cv9344, 2016 U.S. Dist. LEXIS 190884 (D. Ka. Apr. 26, 2016) (equal protection prohibits holding a defendant in jail "because the person is too poor to post a monetary bond"); *Thompson v. Moss Point*, No. 1:15cv182, 2015 U.S. Dist. LEXIS 176442 at *1 (S.D. Miss. Nov. 6, 2015) ("No person may, consistent with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, be held in custody after an arrest because the person is too poor to post a monetary bond.").

Here, the Court need not reach any Constitutional questions and should amend the order to an unsecured bond consistent with § 3142(c)(1). However, Mr. Gallegos does content that his continued detention, which results due to his inability to pay the financial condition, would violate both due process and equal protection. To the extent the Court reaches the issue, it should amend the order for those reasons as well.

WHEREFORE, for the foregoing reasons, James Gallegos respectfully requests that this Court grant the Emergency Motion, omit the cash or surety bond and convert the condition to an unsecured bond.

DATED: April 2, 2020.

Respectfully submitted,

*s/ David G. Maxted*
David G. Maxted
MAXTED LAW LLC
1543 Champa Street Suite 400
Denver, CO 80202
dave@maxtedlaw.com
720-717-0877

*Attorney for James Roger Gallegos*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I electronically filed the foregoing *Emergency Motion to Modify Condition of Release to Unsecured Bond* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ David Maxted*
David Maxted